IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERAL DURANT HENDERSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-00075-X (BT) |
| | § | |
| AUSTIN STREET CENTER, | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This is a *pro se* civil action brought by Plaintiff Jeral Durant Henderson. The Court attempted to screen Henderson's complaint on January 13, 2023, but found it deficient. Accordingly, the Court sent Henderson a Notice of Deficiency and Order (ECF No. 4), which ordered him to file a complaint in compliance with Federal Rule of Civil Procedure 8(a), sign his complaint, pay the filing fee or file a motion for leave to proceed *in forma pauperis*, and file his pleadings on the court-approved form. The Order further informed Henderson that failure to respond and cure the deficiencies by February 13 could result in a recommendation that his case be dismissed. On February 3, Henderson filed a document entitled "Amend & Change of Venue," but it is completely unrelated to the deficiencies noted by the Court on January 13. Because he failed to comply with the January 13 Order, the Court should dismiss this case without prejudice under Federal Rule of Civil Procedure 41(b).

1

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Henderson initiated this civil action by filing a 29-page document naming the Austin Steet Center, a homeless shelter in Dallas, Texas, as the sole defendant. Compl. 1 (ECF No. 3.). He generally complains that "a raft of laws targeted at homeless people means people with no roof over their heads are often criminalized." Compl. 1 (ECF No. 3.). But Henderson failed to file his complaint on the court-approved form or in compliance with Rule 8(a).[1]

---

[1] Rule 8(a) provides:

A pleading that states a claim for relief must contain:

   (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

His complaint is deficient because it fails to set forth a "short and plain statement" demonstrating "he is entitled to relief" or to state what relief, if any, he seeks from this lawsuit. *See* Fed. R. Civ. P. 8(a)(2). His most recently filed submission, a 42-page document full of pontification and several attachments, does not cure the noted deficiencies. The Court cannot screen his claims on the record before it.

Henderson also failed to sign his complaint or to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. This litigation cannot proceed until he cures these deficiencies

Henderson has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss Henderson's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

---

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Signed February 16, 2023.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ _____
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ REBECCA RUTHERFORD
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

‎ ‎ ‎ ‎ A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).